IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | |
|---|---|
| HENRY JOHNSON, )| |
|     Petitioner, )| |
| ) | |
| v. ) | CIVIL ACTION NO. 5:08-1124 |
| ) | |
| DARRELL MCGRAW, ) | |
| Attorney General of West Virginia, ) | |
|     Respondent. ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court are the following: (1) Petitioner's Application to Proceed Without Prepayment of Fees (Document No. 1.), filed on September 25, 2008; (2) Petitioner's Motion for Declaratory Judgment (Document No. 3.), also filed on September 25, 2008; and (3) Petitioner's Motion for Summary Judgment (Document No. 7.), filed on March 23, 2009.[1] By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 4.)

**PROCEDURE AND FACTS**

On September 26, 2007, Petitioner entered a guilty plea in the Circuit Court of Raleigh County, West Virginia, to the felony offense of "Failure to Register or Provide Change/Update in Registration Information [as a convicted sex offender] within 3 days of Release from SRJ" in violation of West Virginia Code § 15-12-8.[2] State v. Johnson, Criminal Case No. 07-F-58 (Cir. Ct. Raleigh Co. Oct. 2,

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] The office of the undersigned contacted the Clerk's Office of the Circuit Court of Raleigh County and was provided a copy of the docket sheet for Petitioner's underlying criminal action. A copy of the docket sheet will be filed as an Exhibit.

2007). By Order entered October 2, 2007, the Circuit Court sentenced Petitioner to an indeterminate sentence of not less than one (1) year nor more than five (5) years in the state penitentiary. (Document No. 2-1, p. 1.) Petitioner did not file a direct appeal of his sentence or conviction to the West Virginia Supreme Court of Appeals. (Id.)

On December 21, 2007, Petitioner, proceeding *pro se*, filed his Petition for Writ of *Habeas Corpus* in the West Virginia Supreme Court of Appeals "alleging that his due process rights were violated when he was extradited from North Carolina to West Virginia on a Governor's Warrant that was not timely filed and subsequently convicted and sentenced."[3] Johnson v. Paugh, Case No.073878 (W.Va. Mar. 13, 2008). The West Virginia Supreme Court of Appeals refused his Petition by Order entered March 13, 2008. Id.; (Document No. 2-2, p.17.)

Petitioner filed the instant Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody on September 25, 2008. (Document No. 2.) Petitioner alleges the following grounds for *habeas* relief:

1. Violation of due process and Governor's Warrant was not timely served;

2. Illegal search and seizure of a person in violation of the Fourth Amendment of the U.S. Constitution;

3. Violation of due process;

4. Violation of due process of West Virginia Rules of Criminal Procedure; and

5. Violation of due process by the West Virginia Supreme Court.

(Document No. 2-1, pp. 13 - 15.) In support of his Petition, Petitioner attaches the following documents as exhibits: (1) Capias Warrant issued by the State of West Virginia dated January 12, 2007 (Document No. 2-2, p. 1.); (2) Wake County Detention Facility Inmate Property Form dated March

---

[3] http://www.state.wv.us/wvsca/calendar/march13_08w.htm

15, 2007 (Id., p. 2.); (3) Wake County Inquiry Sheet concerning Case No. 07-cr-019251 (Id., p. 3.); (4) Capias Warrant issued by the State of West Virginia dated June 14, 2007 (Id., p. 4.); (5) Governor's Warrant issued by the State of North Carolina dated June 27, 2007 (Id., p. 5.); (6) Copy of statutes from the West Virginia Code (Id., pp. 6 - 9.); (7) a Memo entitled "Note to File" listing a chronological list of events concerning Petitioner's criminal case (Id., p. 10.); (8) TransCor "Prisoner Property Receipt dated July 21, 2007 (Id., p 11.); (9) Arraignment Order entered by the Circuit Court of Raleigh County, West Virginia, in Case No. 07-F-58 (Id., p. 12.); (10) Petitioner's Motion to Dismiss as filed in Case No. 07-F-58 (Id., p. 13.); (11) Order denying Petitioner's Motion to Dismiss as filed in Case No. 07-F-58 (Id., p. 14.); (12) Plea Order as filed in Case No. 07-F-58 (Id., p. 15.); (13) Copy of the "Legal Data" section from Petitioner's Presentence Investigation Report (Id., p. 16.); and (14) Copy of the West Virginia Supreme Court of Appeals' Order refusing Petitioner's Petition for Writ of *Habeas Corpus* (Id., p. 17.).

On September 25, 2008, Petitioner also filed a Motion for Declaratory Judgment. (Document No. 3.) Specifically, Plaintiff requests the Court to enter a judgment declaring that Petitioner's rights under West Virginia law and the United States Constitution were violated when Petitioner was "extradited from the State of North Carolina" and subsequently prosecuted and convicted in the State of West Virginia. (Document No. 3 and Document No. 1, p. 16.)

On March 23, 2009, Petitioner filed a Motion for Summary Judgment. (Document No. 7.) Specifically, Petitioner appears to contend that summary judgment is appropriate because his Petition was filed "nearly six (6) months ago" and "since the Petition has not, in any way, been dismissed, by this time an Answer should have been forthcoming from the Respondent to Petitioner's assertions."[4]

---

[4] Summary judgment is appropriate under Federal Rule of Civil Procedure 56 when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.

(Id., p. 1.) In support of his Motion, Petitioner attaches a copy of the same exhibits as filed in support of his Section 2254 Petition. (Id., pp. 5 - 8, 10 - 13, 15 - 16, and 18.)

## ANALYSIS

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 [AEDPA], effective April 24, 1996, State prisoners must exhaust available State remedies prior to filing a § 2254 petition in Federal Court. 28 U.S.C. § 2254(b)(1)(A); see also, McDaniel v. Holland, 631 F.Supp. 1544, 1545 (S.D.W.Va. 1986)("A federal court will not entertain a state prisoner's petition for a writ of habeas corpus unless the prisoner has first exhausted available state judicial remedies."). Section 2254(b)(1)'s exhaustion requirement can be satisfied in either one of two ways: (1) the Petitioner can fairly present all claims in State court, or (2) the Petitioner's claims will be deemed exhausted if no State remedies are currently available. See Gray v. Netherland, 518 U.S. 152, 161, 116 S.Ct. 2074, 2080, 135 L.Ed.2d 457 (1996). Fair presentation requires the Petitioner to (1) present the same claims (2) to all appropriate State courts. See Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). Presentation of the same claim "contemplates that 'both the operative facts and the 'controlling legal principles' ' must be presented to the state court." Id. (quoting Verdin v. O'Leary, 972 F.2d 1467, 1474 (7th Cir. 1992) (quoting Picard v. Connor, 404 U.S. 270, 277, 92 S.Ct. 509, 513, 30 L.Ed.2d 438 (1971)). The requirement of presentation of the same claim to all appropriate State Courts is designed to give "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999). This requirement is satisfied by presentation to the State's highest Court on either direct or collateral review. See

---

The undersigned, however, finds that Petitioner's Motion for Summary Judgment is inappropriate at this time as the Respondent has not yet responded to Petitioner's Petition.

O'Sullivan, 526 U.S. at 844, 119 S.Ct. at 1732. Furthermore, it is well established in this jurisdiction that "unless with prejudice, summary dismissals of habeas petitions invoking the original jurisdiction of the West Virginia Supreme Court will not satisfy exhaustion requirements." Moore v. Kirby, 879 F.Supp. 592, 593 (S.D.W.Va. 1995); see also, McDaniel v. Holland, 631 F.Supp. at 1546.

Section 2254(b)(1)(B) provides, however, that a federal petition need not be dismissed for failure to exhaust if "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(I) and (ii). An "absence of available State corrective process" is created, in one instance, when the State Courts would refuse to review a petitioner's claims based on the petitioner's failure to comply with State procedural rules. See e.g., Mason v. Procunier, 748 F.2d 852 (4th Cir. 1984), cert. denied sub nom., Mason v. Sielaff, 471 U.S. 1009, 105 S.Ct. 1876, 85 L.Ed.2d 168 (1985). Under such circumstances, the petitioner's claims will be considered exhausted if the State procedural rule is adequate and independent. A State procedural rule is adequate "only if it is a 'firmly established and regularly followed state practice.'" Keel v. French, 162 F.3d 263, 268 (4th Cir. 1998), cert. denied, 527 U.S. 1011, 119 S.Ct. 2353, 144 L.Ed.2d 249 (1999)(internal citations omitted). The Fourth Circuit has held that unambiguous State statutes and Court rules are always firmly established. See Weeks v. Angelone, 176 F.3d 249, 270 (4th Cir. 1999), aff'd, 528 U.S. 225, 125 S.Ct. 727, 145 L.Ed.2d 727 (2000). A State procedural rule is independent if "it does not 'depend on a federal constitutional ruling.'" Burket v. Angelone, 208 F.3d 172, 183 (4th Cir. 2000), cert. denied, 530 U.S. 1283, 120 S.Ct. 2761, 147 L.Ed.2d 1022 (2001)(quoting Ake v. Oklahoma, 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985)).

Construing Petitioner's Section 2254 Petition liberally, it is clear that Petitioner has not

exhausted his available State remedies.[5] The office of the undersigned contacted the clerk's office of the Circuit Court of Raleigh County and was advised that no direct appeal or Petition for Writ of *Habeas Corpus* has been filed by Petitioner. Rather, Petitioner filed a Petition for Writ of *Habeas Corpus* in the West Virginia Supreme Court of Appeals, which invoked the Court's original jurisdiction.[6] Johnson v. Paugh, Case No.073878 (W.Va. Mar. 13, 2008). In the absence of language that the refusal was with prejudice, the West Virginia Supreme Court of Appeals' Order refusing Petitioner's original jurisdiction petition is presumed to be without prejudice and to constitute a summary dismissal. Accordingly, the undersigned finds that Petitioner clearly failed to present his claims to all appropriate State Courts, and his Section 2254 Petition must be dismissed for his failure to exhaust all available State remedies.

## **PROPOSAL AND RECOMMENDATION**

The undersigned hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Petitioner's Application to Proceed Without Prepayment of Fees (Document No. 1.), Motion for Declaratory Judgment (Document No. 3.), and Motion for Summary Judgment (Document No. 7.), **DISMISS** Petitioner's Section 2254 Petition (Document No. 2.), and remove this matter from the Court's docket.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E.

---

[5] The undersigned notes that there is no allegation or indication from the record that there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant.

[6] The office of the undersigned also contacted the clerk's office of West Virginia Supreme Court of Appeals and was advised that Petitioner had filed only one action with the Court: *Johnson v. Paugh*, Case No.073878 (W.Va. Mar. 13, 2008). The above action was refused by the West Virginia Supreme Court of Appeals on March 13, 2008.

Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have thirteen days (ten days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Johnston, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to counsel of record and to Petitioner, who is acting *pro se*.

Date: August 12, 2009.

R. Clarke VanDervort
United States Magistrate Judge